ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RICHARD CHARLES BROWN WOOD Y MARICARMEN GIANATI MEDINA<br><br>Apelados<br><br>v.<br><br>COSTA ISABELA PARTNERS INC. Y OTROS<br><br>Apelantes | KLCE202400948 | *Certiorari* **acogido como APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2021CV01546<br><br>Sobre: Difamación, Libelo, Calumnia, Invasión a la Privacidad e Intimidad, Violación de Derechos Civiles y Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Ortiz Flores y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

Comparece Royal Isabela, Inc.; Costa Isabela Partners, Inc.; Miguel Machado, la Sociedad Legal de Gananciales compuesta por sí y su esposa Erika Román Soto; y Costa Isabela Master Association (en adelante, parte apelante), mediante un recurso apelativo, para solicitarnos la revisión de la *Sentencia Parcial*, emitida y notificada el 1 de julio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, TPI o foro primario).[1] Mediante la *Sentencia Parcial* apelada, el tribunal de instancia desestimó una reconvención incoada por la parte apelante, la cual fue incorporada en la *Contestación a Segunda Demanda Enmendada.*

Por los fundamentos que expondremos, se *desestima* el recurso de *Apelación.*

---

[1] Apéndice del recurso, a las págs. 130-136.

Número Identificador

SEN2024_____

I

El presente caso tuvo su inicio el 19 de diciembre de 2021, cuando Richard Charles Brown Wood y Maricarmen Gianati Medina (en adelante, parte apelada) presentaron una *Demanda*.[2] En respuesta, la parte apelante presentó su *Contestación a Demanda y Reconvención*.[3] Luego, la parte apelada presentó su *Contestación a Reconvención*.[4]

Posteriormente la parte apelada presentó una *Demanda Enmendada*.[5] En reacción, la parte apelante presentó *Contestación a Demanda Enmendada*.[6]

Acaecidos varios trámites procesales innecesarios pormenorizar, el 18 de enero de 2024, ocurrieron dos eventos procesales. El *primer* evento fue que la parte apelada presentó una *Moción para añadir parte bajo la Regla 11 y para sustituir el nombre ficticio de una Aseguradora de nombre desconocido*.[7]

Por otro lado, y en la misma entrada al expediente judicial en el TPI en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), ocurrió el *segundo* evento; y fue que la parte apelada presentó una *Segunda Demanda Enmendada*,[8] en la cual incluyó a Costa Isabela, LLC como parte demandada. En respuesta, la parte apelante presentó *Contestación a la Segunda Demanda Enmendada*, a la cual incluyó una reconvención.[9]

Es menester señalar que, en cuanto a Costa Isabela, LLC, se desprende del expediente ante el TPI en SUMAC que se suscitó una controversia en la cual esta parte le solicitó al foro primario que se levantara la rebeldía que le había anotado, y dicha solicitud le fue

---

[2] Apéndice del recurso, a las págs. 1-12.
[3] *Íd.*, a las págs. 13-28.
[4] *Íd.*, a las págs. 29-33.
[5] *Íd.,* a las págs. 34-55.
[6] *Íd.,* a las págs. 56-74.
[7] *Íd.,* a las págs. 75-76. Véase, además, SUMAC, a la Entrada 228.
[8] Apéndice del recurso, a las págs. 77-88. Véase, además, SUMAC, a la Entrada 228.
[9] Apéndice del recurso, a las págs. 99-119.

denegada. Puntualizamos, además, que, con relación a dicha determinación, Costa Isabela, LLC presentó un recurso de *Certiorari*, en el alfanumérico KLCE202400850, el cual fue desestimado mediante *Resolución*, emitida por este Panel, el 22 de agosto de 2024, por falta de jurisdicción, luego de concluir que el mismo se tornó académico. Por otra parte, cabe resaltar, que, de los autos en SUMAC, se desprende que, previo a la presentación del recurso KLCE202400850, Costa Isabela, LLC había presentado una *Moción en Solicitud de Reconsideración en Torno a Anotación de Rebeldía Contra Costa Isabela LLC*, y que la misma fue resuelta el mismo día en que se presentó el antedicho recurso. En la referida *Resolución*, el tribunal *a quo* dispuso levantar la rebeldía a Costa Isabela, LLC y le concedió término para contestar la demanda o para hacer suya la contestación vertida, previamente, por la parte apelante.

Luego, el 20 de agosto de 2024, Costa Isabela, LLC instó una moción de desestimación, en la cual alegó que había falta de jurisdicción sobre su persona, y la cual, al presente, no ha sido atendida por el foro primario.[10]

Regresando a los incidentes relacionados al asunto ante nuestra consideración, y en lo atinente, el 1 de julio de 2024, el foro de instancia emitió una *Sentencia Parcial*, en la cual desestimó la reconvención instada por la parte apelante, con perjuicio.[11] Insatisfecha con lo resuelto, el 16 de julio de 2024, la parte apelante presentó una oportuna solicitud de reconsideración,[12] a la cual se opuso la parte apelada.[13] En respuesta, mediante *Resolución*, notificada el 1 de agosto de 2024, el tribunal *a quo* declaró *No Ha Lugar* la solicitud de reconsideración.[14]

---

[10] Véase, SUMAC, a la Entrada 297.
[11] Apéndice del recurso, a las págs. 130-137.
[12] *Íd.*, a las págs. 138-141.
[13] Véase anejo a la *Moción de Desestimación de Apelación* presentado por la parte apelada el 13 de septiembre de 2024.
[14] Apéndice del recurso, a las págs. 142-143.

En desacuerdo, el 3 de septiembre de 2024, compareció la parte apelante mediante un recurso de *Certiorari.* En atención a lo anterior, mediante *Resolución,* emitida el 6 de septiembre de 2024, dispusimos acoger el recurso presentado como una *Apelación,* por ser lo procedente en derecho. Además, concedimos a la parte apelada hasta el 13 de septiembre de 2024, para acreditar el cumplimiento con la Regla 13(B) y 14(B) del Reglamento del Tribunal de Apelaciones.[15] Por otro lado, concedimos a la parte apelada hasta el 3 de octubre de 2024, para presentar su alegato en oposición.

En el ínterin, el 13 de septiembre de 2024, la parte apelada presentó una *Moción de Desestimación de Apelación.* Expuso que el recurso debía ser desestimado puesto que la parte apelante había omitido incluir en el apéndice un documento esencial,[16] incumpliendo, así, con la Regla 16(E)(1)(d) del Reglamento del Tribunal de Apelaciones.[17] En respuesta, este Tribunal emitió *Resolución,* el 16 de septiembre de 2024,[18] en la cual denegamos la solicitud instada por la parte apelada.

Al día siguiente, la parte apelada presentó una *Segunda Urgente Moción de Desestimación.* En esta ocasión planteó, esencialmente, que, luego de haber presentado la primera solicitud de desestimación, encontró otros detalles que debían considerarse para que este Tribunal revisor dispusiera que el recurso no quedó perfeccionado por falta de jurisdicción. Esbozó, en síntesis, que la parte apelante: (i) pretirió a la parte codemandada Universal Insurance Company y a Costa Isabela, LLC en la carátula del recurso apelativo, en incumplimiento con la Regla 16(A)(2) del

---

[15] 4 LPRA Ap. XXII-B, R. 13(B) y R. 14(B).
[16] La parte apelada indicó que el documento omitido en el apéndice fue la *Oposición a Moción de Reconsideración de Sentencia Parcial*, presentada por esta parte. Véase SUMAC, a la Entrada 276.
[17] 4 LPRA Ap. XXII-B, R. 16(E)(1)(d).
[18] Puntualizamos que, en la misma fecha en que emitimos nuestra *Resolución,* denegando la solicitud de desestimación, pero posterior a que hubiese sido resuelta, recibimos una *Moción en Oposición de Desestimación,* presentada por la parte apelada.

Reglamento de este Tribunal de Apelaciones, y (ii) falló en notificarle del recurso instado a Universal Insurance Company y a Costa Isabela, LLC, en incumplimiento con la Regla 13(B)(2)[19] del precitado reglamento.

En reacción, la parte apelante presentó una *Moción en Oposición a Segunda Urgente Moción de Desestimación.* Con relación al alegado incumplimiento con la Regla 16(A) del Reglamento del Tribunal de Apelaciones, además, de fundamentar su posición en la alegada falta de necesidad de incluir a Universal Insurance Company y a Costa Isabela, LLC en la carátula, razonó que la omisión de las aludidas partes se trataba de un asunto de forma que no ameritaba la desestimación del recurso. Así, pues, indicó que, con el escrito, estaba presentando una nueva carátula corregida para incluir la información relacionada a Universal Insurance Company y Costa Isabela, LLC.

Por otro lado, en torno al alegado incumplimiento con la Regla 13(B)(2) del antedicho reglamento, arguyó que, con relación a Universal Insurance Company (Aseguradora), no era necesario notificarle, puesto que el abogado suscribiente, junto al licenciado José A. Andreu Fuentes, eran los abogados de la parte apelante, así como de la Aseguradora, por lo que el planteamiento era inmeritorio. Es decir, plantearon que, a través del abogado suscribiente, Universal Insurance Company quedó notificada. A su vez, expuso que, con relación a Costa Isabela, LLC, no era necesario notificarle del recurso apelativo instado puesto que, presuntamente, para efectos de la Regla 13(B) del antedicho Reglamento, esta no era una parte. Empero, expresó que, días más tarde, luego de haber

---

[19] 4 LPRA Ap. XXII-B, R. 13(B)(2).

presentado el recurso, el 5 de septiembre de 2024, le notificó una copia de cortesía del recurso y del apéndice.[20]

Luego, el 19 de septiembre de 2024, la parte apelada presentó una *Moción Solicitando Permiso para Replicar y Réplica a Oposición a Segunda Urgente Moción de Desestimación.* En lo atinente, reiteró que el recurso de *Apelación* debía ser desestimado.

Con el beneficio de la comparecencia de ambas partes, procederemos a exponer el derecho aplicable.

## II
### A. Falta de jurisdicción

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[21] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[22] Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[23] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[24] De manera que, deben ser resueltas con preferencia, pues inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[25] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[26] De lo contrario, cualquier

---

[20] Véase, Anejo 4 de la *Moción en Oposición a Segunda Urgente Moción de Desestimación y en Solicitud de Sanciones en Contra de la Parte Demandante-Apelante*, presentada por la parte apelante.
[21] *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *AAA v. UIA*, 199 DPR 638, 651-652 (2018).
[22] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).
[23] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[24] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[25] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018).
[26] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

dictamen en los méritos será nulo y no podrá ejecutarse.[27] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente.[28]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[29] confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Notificación de un Recurso de Apelación

Sabido es que la marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es norma conocida, por toda la profesión legal en Puerto Rico, que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial.[30] En ese sentido, las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente por los abogados.[31] Ello, dado a que la apelación en nuestro sistema no es automática; presupone que el recurso sea notificado y diligenciado correctamente, y que se cumpla con los requisitos estatuidos para su perfeccionamiento. Solo, así, el Tribunal de Apelaciones estará en posición de poder revisar un dictamen del tribunal de instancia.[32] Por consiguiente, no queda al arbitrio de los abogados decidir cuáles disposiciones reglamentarias deben cumplir y cuáles no.[33]

En cuanto a la notificación de un recurso apelativo a las partes, la Regla 13(B)(1) y (2) dispone lo siguiente:

---

[27] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

[28] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

[29] 4 LPRA Ap. XXII-B, R. 83 (C).

[30] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987).

[31] *UGT v. Centro Médico del Turabo, Inc.*, 208 DPR 944, 957 (2022); *Isleta v. Inversiones Isleta Marina, Inc.*, 203 DPR 585, 590 (2019). *Rojas v. Axtmayer Ent., Inc.* 150 DPR 560, 564 (2000).

[32] *Morán v. Martí*, 165 DPR 356, 367 (2005).

[33] *Íd.*, a la pág. 363; *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975).

(1) Cuándo se hará

La parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento.

La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.

(2) Cómo se hará

La parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. Podrá, además, utilizar los siguientes métodos sujeto a lo dispuesto en estas reglas: correo ordinario, entrega personal, telefax o correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original.

La notificación por correo se remitirá a los abogados o abogadas de las partes, o a las partes cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección y la parte estuviere representada por abogado o abogada, la notificación se hará a la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo.

La notificación por entrega personal se hará poniendo el documento en las manos de los abogados o abogadas que representen a las partes, en las de la parte, según sea el caso, o entregarse en la oficina de los abogados o las abogadas a cualquier persona a cargo de la misma. De no estar la parte o las partes representadas por abogado o abogada, la entrega se hará en el domicilio o a la dirección de la parte o las partes según surja de los autos, o a cualquier persona de edad responsable que se encuentre en la misma.

La notificación mediante telefax deberá hacerse al número correspondiente de los abogados o las abogadas que representen a las partes o al de las partes, de no estar representadas por abogado o abogada, cuando las partes a ser notificadas hubieren provisto tal número al tribunal y así surja de los autos del caso ante el Tribunal de Primera Instancia.

La notificación mediante correo electrónico deberá hacerse a la dirección electrónica correspondiente de los abogados o abogadas que representen a las partes o al de la parte, de no estar representadas por abogado o abogada, cuando las partes a ser notificadas hubieren provisto al tribunal una dirección electrónica y así surja

de los autos del caso ante el Tribunal de Primera Instancia.[34]

Los anteriores requisitos no son una mera formalidad procesal, sino que son parte esencial del debido proceso de ley, puesto que colocan a la parte contraria en conocimiento de que se ha solicitado revisión de un dictamen emitido por el foro primario.[35] Por ello, el Tribunal Supremo acentuó que es necesario que se le notifique a todo aquel que en algún momento fue parte, incluyendo al rebelde y a la coparte que ha transigido la sentencia.[36] Establecido lo anterior, es claro que la falta de una oportuna notificación a todas las partes en el litigio priva de jurisdicción del tribunal y conlleva la desestimación del recurso.[37]

Ahora bien, siendo el término para notificar un recurso ante el Tribunal de Apelaciones uno de cumplimiento estricto, la inobservancia de este requisito no acarrea, automáticamente, la desestimación del recurso. De forma, que el aludido foro puede extender el término si lo ameritan las circunstancias. No obstante, lo anterior, el foro intermedio no tiene la facultad para prorrogar el término para notificar a las partes de manera automática. Únicamente, tendrá la facultad de extender el mismo, cuando la parte en incumplimiento demuestre justa causa.[38] Sabido es que la justa causa se acredita con explicaciones concretas y particulares, debidamente evidenciadas en el escrito. Por consiguiente, las vaguedades, excusas o los planteamientos estereotipados no serán suficientes para cumplir con el requisito de justa causa.[39] Ello, puesto que se quiere evitar que:

> [...] la justa causa se convierta en un juego de mero automatismo en el que los abogados conjuran excusas genéricas, carentes de detalles en cuanto a las

---

[34] 4 LPRA Ap. XXII-B, R. 13(B)(1) y (2).
[35] *Montañez Leduc v. Robinson Santana*, 198 DRR 543, 551 (2017).
[36] *González Pagán v. Moret Guevara*, 202 DPR 1062, 1072 (2019).
[37] *Íd.,* a la pág. 1071.
[38] *Montañez Leduc v. Robinson Santana*, supra, a las págs. 551-552.
[39] *Soto Pino v. Uno Radio Group,* supra, a la pág. 93, citando a *Febles v. Romar*, 159 DPR 714, 720 (2003).

circunstancias particulares que causaron la tardanza en cumplir con el término, [...].[40]

A esos efectos, el tribunal deberá cerciorarse, antes de eximir a una parte de observar fielmente los requisitos para notificar un recurso apelativo oportunamente, el cumplimiento de dos (2) condiciones: (i) que en efecto exista justa causa para la dilación, y (ii) que la parte le demuestre detalladamente al Tribunal las bases razonables que tiene para la dilación; entiéndase, que la parte en incumplimiento acredite debidamente la justa causa señalada.[41]

### III

Luego de haber estudiado con detenimiento la totalidad de los autos ante nuestra consideración, así como haber examinado minuciosamente los autos del presente caso en SUMAC, y las posiciones de las partes en torno a la solicitud de desestimación presentada ante nos, forzoso es concluir que le asiste razón a la parte apelada, por lo que procede la desestimación del recurso. Veamos.

De los autos ante nuestra consideración, se desprende, inequívocamente, que, cuando el foro de instancia emitió la *Sentencia Parcial* apelada, notificó la misma a los abogados de las partes, incluyendo a los representantes legales de Universal Insurance Company y Costa Isabela, LLC.[42] Igual curso de acción siguió al notificar su *Resolución* en reconsideración, la cual fue notificada el 1 de agosto de 2024.[43]

---

[40] *Soto Pino v. Uno Radio Group,* supra, a la pág. 93.
[41] *Íd.*
[42] Apéndice del recurso, a la pág. 137. Véase, además, SUMAC, a la Entrada 270.
[43] Apéndice del recurso, a la pág. 143. Véase, además, SUMAC, a la Entrada 284. Puntualizamos que la aludida *Sentencia Parcial* y *Resolución* en reconsideración fueron, igualmente, notificadas al Lcdo. Jesús A. Santiago Rosario. Luego de un cuidadoso examen del expediente electrónico en SUMAC, atestiguamos que el referido licenciado no es parte en el presente caso, ni representante legal de ninguna de las partes. Su intervención en el caso se limitó a que la parte apelada, como parte del descubrimiento de prueba, solicitó una *Orden* para que Puerto Rico Telephone Company (PRTC) produjera ciertos documentos. El antedicho licenciado es representante legal de PRTC, por lo cual se le notificó la referida *Orden.* Véase, SUMAC, a la Entrada 75. Por consiguiente, entendemos que su inclusión en la notificación de los mencionados dictámenes fue una omisión involuntaria de la secretaría del tribunal de instancia.

Posterior a que el tribunal apelado notificó la *Sentencia Parcial* apelada y, en **el último día del término** para acudir ante este tribunal intermedio, la parte apelante presentó un recurso apelativo, entiéndase, el **3 de septiembre de 2024**.[44]

En *primer* lugar, en relación con las alegadas fallas de la parte apelante, esgrimidas por la parte apelada sobre su incumplimiento con la Regla 16(A)(2), hemos acordado que por dichos fundamentos no debemos desestimar el recurso ante nos. La aludida regla dispone que el escrito de apelación debe contener la información de los abogados de las partes, a saber:

> […] el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o abogada de la parte apelante, y del abogado o abogada de la parte apelada; o el nombre, la dirección postal, la dirección del correo electrónico, si la tuvieran, y el teléfono de las partes, si éstas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.[45]

Sabido es que los abogados tienen la obligación de cumplir rigurosamente con los requisitos establecidos en los reglamentos para el perfeccionamiento de los recursos apelativos.[46] Ello, puesto a que, el incumplimiento con los mismos priva de jurisdicción a esta Curia.[47] Sin embargo, justipreciamos que el mero incumplimiento con la Regla 16(A)(2) no amerita la desestimación del recurso, puesto que se trata de un requisito de forma.

En *segundo* lugar, en relación con el alegado incumplimiento con lo requerido por la Regla 13(B) del Reglamento de este Tribunal,[48] nos distanciamos de la acción tomada en cuanto a las alegadas fallas antes discutidas.  Elaboramos.

---

[44] El término para acudir en revisión judicial ante esta Curia vencía el sábado, 1 de septiembre de 2024, por lo que se extendió hasta el martes, 3 de septiembre de 2024, puesto a que el lunes, 2 de septiembre de 2024, fue un día feriado.
[45] 4 LPRA Ap. XXII-B, R. 16(A)(2).
[46] *Morán v. Martí*, supra, a la pág. 367 (2005).
[47] *Íd.*, a la pág. 366.
[48] 4 LPRA Ap. XXII-B, R. 13(B).

En el caso del título, en la misma fecha en que se presentó el recurso apelativo, la parte apelante notificó copia del mismo y de su Apéndice a: (i) la Lcda. María J. Marchand Sánchez; (ii) la Lcda. Suleicka Tulier Vázquez, y (iii) al Lcdo. José Andréu Collazo. Ahora bien, en su *Segunda Solicitud de Desestimación,* la parte apelada alegó que la parte apelante no notificó su recurso apelativo a Universal Insurance Company ni a Costa Isabela, LLC. Veamos.

En cuanto a Universal Insurance Company, la parte apelante esbozó en su oposición a la desestimación que no era necesaria la notificación, dado a que el abogado suscribiente del recurso apelativo, en representación de Royal Isabela Inc., Costa Isabela Partners Inc., Miguel Machado, la Sociedad Legal de Gananciales compuesta por sí y por su esposa Erika Román Soto, y Costa Isabela Master Association, era, también, el abogado de la Aseguradora, en unión al Lcdo. José Andréu Fuentes, por lo que con la mera radicación ya quedaba notificado. Según esbozamos en nuestra previa exposición doctrinal, el propósito principal de la notificación del recurso apelativo es colocar a las partes en conocimiento de que se ha solicitado la revisión de un dictamen emitido por el foro primario. Así, pues, dado a que el abogado suscribiente del recurso es también represente legal de la Aseguradora, coincidimos en que esta conoce del presente recurso. Por consiguiente, coincidimos con el razonamiento de la parte apelante.

Ahora bien, en lo referente a la falta de notificación del recurso apelativo a Costa Isabela, LLC, **no existe controversia** en que la parte apelante nos ha admitido que la fecha en que notificó el recurso apelativo a la representación legal de Costa Isabela, LLC, por conducto de la Lcda. Sara L. Vélez Santiago, fue el **5 de**

**septiembre de 2024,** es decir, **de forma tardía.**[49] Conforme reseñamos anteriormente, la parte apelante debe notificar el recurso apelativo y sus apéndices dentro del término dispuesto para la presentación del recurso, lo cual será de cumplimiento estricto.[50]

Sobre el particular, la parte apelante esbozó, en su escrito de oposición a la desestimación, que la notificación a Costa Isabela, LLC la realizó a manera de "cortesía" y no porque fuese necesario. En apoyo a su posición, argumentó que, conforme a los autos ante el TPI en SUMAC, se encuentra pendiente de adjudicar una moción de desestimación a favor de la parte en cuestión. Huelga decir que dicho argumento no se encuentra ante nuestra consideración, lo que forzosamente nos impide poder expresarnos. Sin embargo, tomando como punto de partida que la notificación del recurso apelativo no fue realizada dentro del término dispuesto para la presentación del mismo, y que dicho término es uno de cumplimiento estricto, debemos examinar si se desprende que lo anterior constituye justa causa para la dilación. Bajo el crisol doctrinario antes expuesto, la justa causa se debe acreditar con explicaciones concretas y particulares, debidamente evidenciadas en el escrito. Las vaguedades, excusas o los planteamientos estereotipados no son suficientes para cumplir con el requisito de justa causa.[51]

Examinado el marco doctrinal, colegimos que los fundamentos esbozados por la parte apelante no constituyen justa causa. Más bien, no encontramos fundamento jurídico alguno como para que una parte apelante en un recurso apelativo unilateralmente seleccione a quién notificar, pero sobre todo excluyendo, indubitadamente, a una de las partes nombradas en la demanda en cuestión. Ello, independientemente de que Costa

---

[49] Véase, Anejo III a la *Moción en Oposición a Segunda Urgente Moción de Desestimación y en Solicitud de Sanciones en Contra de la Parte Demandante-Apelada.*
[50] 4 LPRA Ap. XXII-B, R. 13(B).
[51] *Soto Pino v. Uno Radio Group,* supra, a la pág. 93.

Isabela, LLC en sus escritos ante el foro primario, rezó en múltiples ocasiones que "no se está sometiendo a la jurisdicción", por entender que no hay jurisdicción sobre su persona. Lo cierto es que tal controversia se encuentra pendiente de adjudicación ante el foro inferior. Abona a lo anterior, que el foro primario, desde la comparecencia inicial de Costa Isabela, LLC le ha mantenido notificando sus dictámenes, incluyendo la *Sentencia Parcial* objeto de esta apelación y su *Resolución* en reconsideración. Lo anterior, sin contar que Costa Isabela, LLC recibe mediante notificación simultánea, a través de SUMAC, los escritos que presentan las otras partes en este caso.

En fin, luego de haber examinado la totalidad del expediente ante nos, no podemos llegar a otra conclusión que no sea que **hubo ausencia total de demostración de justa causa** para notificarle el escrito a Costa Isabela, LLC de manera tardía. Más aún que la parte apelante incoó el presente recurso en el último día para acudir ante esta Curia, y notificó a Costa Isabela, LLC del mismo dos (2) días después de su presentación.

Es por lo todo lo anteriormente expuesto que colegimos que le asiste la razón a la parte apelada, y que procede que desestimemos el recurso ante nos.

IV

Por los fundamentos que anteceden, se *desestima* el recurso de *Apelación.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones